# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2012

No. 11-10518
Summary Calendar

Lyle W. Cayce
Clerk

NACHIAPPAN SUBBIAH MUTHUKUMAR,

Plaintiff-Appellant

v.

THE UNIVERSITY OF TEXAS AT DALLAS,

Defendant-Appellee

———————————————————

N.S. MUTHUKUMAR,

Plaintiff-Appellant

v.

THE UNIVERSITY OF TEXAS AT DALLAS,

Defendant-Appellee

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-115

———————————

Before  JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nachiappan Subbiah Muthukumar appeals the district court's dismissal of his Title VII, Title VI, state-law tort, contractual, and constitutional claims arising from his removal from a graduate program at the University of Texas at Dallas ("UTD"). After affording liberal opportunity to amend, the district court concluded that Muthukumar's claims were time-barred, unexhausted, failed to specifically allege discriminatory practices, or were barred by sovereign immunity. We add only a few summary comments to the district court's careful decision and AFFIRM.

As Muthukumar appeals a motion to dismiss, we accept his factual allegations as true. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Muthukumar was a graduate student and teaching assistant in UTD's International Business program. He took a mandatory comprehensive exam approximately thirty months into the program. After UTD informed Muthukumar that he failed the exam, Muthukumar insisted on seeing his grades on the exam, which several professors withheld.

In response, Muthukumar initiated an internal grievance proceeding within the university. UTD eventually revealed Muthukumar's results on the exam, but he was required to transfer out of the program (and into the School of Economic, Political, and Policy Sciences) because of his failure. Muthukumar alleges his professors responded in the months that followed by cutting his funding as a teaching assistant, denying him a new teaching assistant position, denying him professional recommendations, and, ultimately, by threatening him with expulsion in November 2008.

Muthukumar filed an Intake Questionnaire with the EEOC on August 24, 2009, alleging UTD discriminated against him in his capacity as an employee.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He listed himself as a "student/TA-Instructor" as his job title, both at the point he was hired and when he claimed he was discriminated against. He further recounted on the intake form that from January 2005 to the then-present date the faculty "refused to speak with" him and "refused to reveal" his grades. He also listed that, starting in January 2006, his professors "took away [his] paper and abused [their] authority to harm [his] career." He noted on the intake form that he wished to file a charge of discrimination.

Muthukumar brought official employment discrimination charges under Titles VI and VII on November 4, 2009. He listed the earliest date of alleged discrimination as June 1, 2007, lasting through the threatened expulsion on November 10, 2008. As he recounted on his charge, UTD initially informed him of his failure in June 2007, he filed a grievance in September 2007, his salary was reinstated (and thus impliedly cut before) February 2008, and UTD threatened to expel him in November 2008. The EEOC closed his file as untimely.

When Muthukumar filed his federal suit in January 2010, the district court consolidated it with a similar case removed from state court. He sought and obtained leave to amend his complaint thereafter. UTD moved to dismiss all of Muthukumar's claims in December 2010; the district court granted UTD's motion, but gave Muthukumar "one final opportunity to state valid claims upon which relief can be granted." The court directed Muthukumar to avoid incorporating prior complaints by reference and explained in its order granting UTD's motion why each of Muthukumar's claims were dismissed.

Muthukumar filed a Second Amended Complaint in January 2011, largely restating his dismissed complaint, but adding constitutional claims as well. UTD re-urged its motion to dismiss each of Muthukumar's claims. The district court granted the motion, concluding that: (1) Muthukumar's Intake Questionnaire constituted an employment discrimination charge, tolling the 300 day requirement under Title VII, but that Muthukumar failed to exhaust his

sole timely allegation; (2) Muthukumar failed to allege facts demonstrating discriminatory intent behind specific acts for his Title VI claim; and (3) sovereign immunity barred Muthukumar's state-law tort, contract, and constitutional claims.

We review motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). We review sovereign immunity objections to jurisdiction *de novo* under Rule 12(b)(1). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Muthukumar raises a variety of meritless challenges against each of the district court's rulings — thirteen solely against its conclusion that allegedly discriminatory acts before October 28, 2008 are time-barred. We discuss only those raising some legal argument, and group these together by claim.

The timbre of Muthukumar's sole legal argument against the applicability of the Title VII time-bar is that UTD's actions constituted a "series of violation[s]" (or continuing violation) for which prior, time-barred conduct may be considered under *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14, 122 S. Ct. 2061, 2072-73 (2002). This misunderstands *Morgan*. *Morgan* expressly enforced the 300-day time-bar for Title VII discrimination claims against "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" because they are "easy to identify" and each "constitutes a separate actionable 'unlawful employment practice.'" *Id*. at 114, 2073. Muthukumar's alleged harms fall in this category. Each discrete action accrued, and thus commenced his obligation to file no later than 300 days following the date it occurred. Only one, his threatened removal from the university as a student, is arguably within the 300-day statutory period if we construe the Intake Questionnaire, solely for the sake of this argument, as his charge before the EEOC, thus marking the 300-day window. Nevertheless, this

allegation fails to establish a Title VII claim, and in any event was not made before the EEOC in the Intake Questionnaire. The district court did not err.

Muthukumar's Title VI claim fares no better. The district court correctly noted that Muthukumar expressed a generalized accusation of discrimination based on national origin and that he enumerated eight harms which he suspected derived from his national origin, but he failed to articulate anywhere in his Title VI claim a statement that, if true, could prove discriminatory intent. Stating that he was forbidden from retaking an exam "against the university's policy and for discriminatory reasons" is not enough, *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), nor is his claim that a professor "harmed my promising career" "in violation of Title VI." *Id*. Likewise, a conclusional statement that "the [university's] threats . . .[are] for retaliatory reasons [rather than] genuine disciplinary reasons" will not suffice. *Id*. These are factually barren and facially insufficient to state a claim of discrimination based on national origin.

Finally, Muthukumar asserts that UTD, the sole defendant, is not entitled to sovereign immunity. Muthukumar is mistaken. UTD is a state institution entitled to sovereign immunity under state law. *Cnty. of Cameron v. Brown*, 80 S.W. 3d 549, 554 (Tex. 2002). Sovereign immunity is a jurisdictional bar. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999). As the party invoking the court's jurisdiction, Muthukumar bore the obligation of demonstrating a plausible basis for the court to adjudicate his claims — *i.e.* a waiver of sovereign immunity. *In re Eckstein Marine Serv., L.L.C.*, 672 F.3d 310, 314 (5th Cir. 2012). He has articulated no plausible basis for a waiver of immunity as to his claims, and this court may not proceed without one. Additionally, Muthukumar's constitutional claims are barred by Eleventh Amendment immunity. The district court correctly dismissed Muthukumar's remaining claims.

**AFFIRMED.**